OPINION
{¶ 1} Defendant-Appellant, Ohio Bureau of Workers' Compensation ("Bureau"), is appealing the judgment of the Greene County Court of Common Pleas determining that Plaintiff-Appellee Donald K. Rogers was entitled to add the conditions of hip arthritis and lumbar arthritis to his claim for workers' compensation benefits.
 {¶ 2} According to the evidence presented at trial, Rogers was injured in the course of his employment with Elano Corporation on March 28, 1991. He was found to have the right to participate in the Workers' Compensation Fund for the conditions of "disc protrusion of L3-4-5; left herniated nucleus pulposus," and subsequently permitted to add the psychological condition of "dysthymic disorder."
 {¶ 3} In August of 1999, following two surgeries on his lumbar spine and a total left hip replacement, Rogers filed a motion for allowance of the additional conditions of lumbar arthritis, hip arthritis, and lumbar radiculopathy. The Bureau allowed his claim for lumbar radiculopathy, but denied the two arthritis conditions, asserting that Rogers had failed to establish their causal connection to his work-related injury.
 {¶ 4} Rogers appealed to the Greene County Court of Common Pleas on September 12, 2001, requesting that the two arthritis conditions be added to his claim. At the completion of a jury trial held on October 9 and 10, 2002, Rogers was found to be entitled to the addition of both arthritis conditions to his original claim for workers' compensation.
 {¶ 5} The Bureau concedes that Rogers presented evidence at trial that supported the jury's verdict regarding his claim for left hip arthritis, however at issue is whether Rogers produced enough evidence to support his claim for lumbar arthritis. The Bureau presents three issues for our review, the first of which is as follows:
 {¶ 6} "The trial court erred in denying the Defendant's motion for a directed verdict on the issue of lumbar arthritis at the close of Plaintiff's case."
 {¶ 7} The Bureau asserts that there was insufficient evidence produced during Rogers' case in chief for the jury to determine whether a causal connection existed between Rogers' lumbar arthritis and his work-related injury. Accordingly, the Bureau contends that the trial court erred in denying its motion for a directed verdict based upon this issue.
 {¶ 8} A motion for a directed verdict must be granted where the court, construing the evidence most strongly in favor of the non-moving party, finds that reasonable minds could come to but one conclusion, upon any determinative issue, and that conclusion is adverse to the non-moving party. Texler v. D.O. Summers Cleaners Shirt Laundry Co.,81 Ohio St.3d 677, 679, 1998-Ohio-602, 693 N.E.2d 271. A motion for a directed verdict must be denied where there is substantial, competent evidence from which a reasonable mind could find in favor of the non-moving party. Id. The court must not consider the weight of the evidence or the credibility of the witnesses, but must determine whether there exists any evidence of substantial probative value in support of the non-moving party. Id. A motion for a directed verdict presents a question of law, in that the materiality of the evidence is examined rather than the conclusions to be drawn from the evidence. Id. at 680.
 {¶ 9} In general, medical evidence must exist to establish a direct proximate causal relationship between an industrial accident and the resulting injury. Fox v. Indus. Comm. (1995), 162 Ohio St. 569,125 N.E.2d 1.
 {¶ 10} The Bureau claims that Rogers did not produce enough evidence at trial in his case in chief to withstand a motion for a directed verdict, specifically that he produced no evidence supporting his theory that his lumbar arthritis was causally connected to his work-related injury. Rogers defends the trial court's decision, asserting that Dr. Rudolf A. Hofmann's videotaped deposition testimony establishes a causal connection between Rogers' work-related injury and his lumbar arthritis.
 {¶ 11} The trial court denied the Bureau's motion for a directed verdict at the close of Rogers' case in chief, stating that it had heard "enough" evidence to submit the question of a causal relationship to the jury.
 {¶ 12} In our evaluation of the evidence produced during Rogers' case in chief, we agree with the Bureau's assertion that a directed verdict was warranted. A close review of the record demonstrates that Rogers produced no medical testimony regarding the condition of lumbar arthritis nor evidence of its connection to his work-related injury.
 {¶ 13} During Rogers' case in chief, medical testimony was produced by way of videotaped deposition testimony of Dr. Stephen N. Buffington, Rogers' treating orthopedic surgeon. Dr. Buffington testified extensively regarding Rogers' diagnosis of hip arthritis, however he did not mention Rogers' diagnosis of lumbar arthritis and any relationship it might have to his work-related injury.
 {¶ 14} While it is true that Dr. Hofmann testified mainly on Rogers' condition of lumbar arthritis, and that a possible causal connection might have been established, this testimony occurred after the completion of Rogers' case in chief and after the Bureau had already motioned for a directed verdict to the trial court. Based upon the timing of Dr. Hofmann's testimony, we find that his testimony cannot be considered evidence of Rogers' condition and its relationship to the work-related injury in this assignment of error. Instead, we may only consider Dr. Buffington's testimony and other evidence set forth prior to the motion for a directed verdict, hence only evidence set forth in Rogers' case in chief.
 {¶ 15} We have reviewed the record extensively and examined the deposition transcript of Dr. Buffington, along with his notes made in Rogers' medical records which were submitted as evidence at trial. Despite the trial court's finding that evidence exists supporting a causal connection between the lumbar arthritis and the work-related injury, we find no evidence supporting the trial court's decision. In fact, scant evidence of the existence of lumbar arthritis exists in the record comprising Rogers' case in chief. Due to the lack of testimony or any other evidence supporting the causal connection between the work-related injury and Rogers' condition of lumbar arthritis, we find that the trial court did err in failing to grant the Bureau's motion for a directed verdict.
 {¶ 16} Accordingly, we sustain the Bureau's first assignment of error and find that the trial court erred in failing to grant its motion for directed verdict following Rogers' case in chief.
 {¶ 17} The Bureau's second assignment of error:
 {¶ 18} "The trial court erred in denying the Defendant's motion for a directed verdict on the issue of lumbar arthritis at the close of all the evidence."
 {¶ 19} The Bureau's third assignment of error:
 {¶ 20} "The trial court erred in denying the Defendant's motion for judgment notwithstanding the verdict on the issue of lumbar arthritis."
 {¶ 21} In these two assignments of error, the Bureau asserts error in the trial court's failure to grant its motion for a directed verdict following its case in chief and in failing to grant its motion for judgment notwithstanding the verdict. In both instances, the Bureau claims that the trial court's rulings were erroneous due to the lack of a causal connection between the lumbar arthritis and Rogers' work-related injury. We find that our decision in the first assignment of error is dispositive of these remaining assignments of error and renders them moot.
 {¶ 22} The judgment of the trial court is reversed in accordance with this opinion. Judgment will be entered denying Mr. Rogers' claim for workers' compensation benefits on the condition of lumbar arthritis.
Brogan, J. and Grady, J., concur.